**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
<u>Norfolk Division</u>

In re:                                                    Case No. 15-71354-FJS
MICHAEL KEVIN HUCK,                                        Chapter 13

           Debtor.

<u>**TRUSTEE'S OBJECTION TO CLAIM NO. 17-1**</u>

       COMES NOW R. Clinton Stackhouse, Jr., Chapter 13 Trustee (the "Trustee"), and objects to Claim No. 17-1 filed by Swango Law, P.C.  In support of this objection, the Trustee states as follows:

       1.     On April 22, 2015, the Debtor filed a voluntary petition (the "Petition") for bankruptcy relief under Chapter 13 of Title 11 of the United States Code.  Relief was ordered.

       2.     On April 23, 2015, the Trustee was appointed in this case and continues to serve in that capacity.

       3.     On August 24, 2015, Swango Law, P.C. filed a proof of claim (Claim No. 17-1) in the amount of $8,217.50 for legal services performed (the "Claim").

       4.     The documents submitted in support of the Claim reflect the Debtor's full social security number.

       5.     On August 28, 2015, the Trustee sent a letter (the "Letter"), to Swango Law, P.C. advising that the Claim contained exhibits or attachments that reflect the Debtor's full

R. Clinton Stackhouse, Jr. VSB No. 19358
Chapter 13 Trustee
7021 Harbour View Boulevard, Suite 101
Suffolk, VA 23435
(757)  333-4000 Telephone
(757) 333-3434 Facsimile

social security number.

6.      The Letter further advised Swango Law, P.C. that this situation must be promptly addressed and to take remedial action, such as a Motion to Restrict Public Access (the "Motion to Restrict"), within ten (10) days.  The Letter also stated the Trustee was seeking voluntary compliance, but failure to act would result in proceedings which are less pleasant.  A copy of the Letter is attached hereto as Exhibit A

7.      To date, no Motion to Restrict has been filed with the Court.

Wherefore, the Trustee requests that Claim No. 17-1 be disallowed and public access be restricted and that Swango Law, P.C. be sanctioned in the amount of $200.00, which shall be payable to the Trustee to be allowed as additional funding for the benefit of creditors in this case, and prays for the entry of a judgment in that amount, and that any other and further sanctions the Court deems appropriate be imposed as well.

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee

*/s/ R. Clinton Stackhouse, Jr.*
_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2015, I will electronically file the foregoing Objection with the Clerk using the CM/ECF system, which will then send electronic notification of such filing to Matthew R. Hahne, Esquire, counsel for the Debtor and that a true copy was mailed, first class, postage prepaid to:

Michael Kevin Huck
1528 East Ocean View Ave.
Norfolk, VA 23503

Swango Law, P.C.
485 S. Independence, Ste. 104
Virginia Beach, VA 23452

and

**Certified Mail, Return Receipt Requested to:**

Swango Law, P.C.
c/o Jason Swango, President
485 S. Independence, Ste. 104
Virginia Beach, VA 23452

*/s/ R. Clinton Stackhouse, Jr.*
_____