UNITED STATES BANKRUPTCY COURT

EASTER DISTRICT OF VIRGINIA

NORFOLK DIVISION

In Re:

Michael Kevin Huck                                           Case No: 15-71354-FJS

      Debtor                                                      Chapter 13

### RESPONSE

Comes now, Swango Law, PC, by counsel and responds to this Honorable Court's Order To Show Cause entered on December 22, 2015.

**Background:**

Swango Law, PC ("Swango") is a legal service corporation doing business in the Commonwealth of Virginia as a law firm. The President of Swango is Jason Swango. The primary area of practice for Swango is domestic relations. Swango has never filed a pleading before the United States Bankruptcy Court for the Eastern District of Virginia, although Jason Swango is a member of the bar of this Court without ECF privileges.

Swango represented the debtor in a domestic relations matter resulting in a balance of attorney fees being owed to the firm. As of the date of filing by the Debtor, Swango was owed

**Timothy V. Anderson**
**Anderson & Associates, PC**
**2492 N. Landing Rd, Ste 104**
**Virginia Beach, VA 23456**
**757-301-3636 Tel**
**757-301-3640 Fax**
**VSB 43803**
**Counsel for Swango Law, PC.**
**norfolkattorney@aol.com**

$8,217.50 (Proof of Claim 17). Upon receipt of the 341 notice and need to file a proof of claim by Swango, a proof of claim was filed with this Court on August 24, 2015, and itemized as Claim 17-1. The proof of claim contained a personal identifier of the Debtor, namely the debtors social security number.

Swango admits that it received a letter from Trustee R. Clinton Stackhouse which was incorporated as Exhibit A of the Trustees Objection to Claim 17 shortly after filing the proof of claim. (ECF 24). Swango admits that it did not file the appropriate documentation to redact the Proof of Claim from public review as demanded by the Trustee.

After the time period afforded Swango to redact proof of claim 17 passed, the trustee filed the Objection to Claim which is docketed as ECF 24. Swango does not deny that the trustee mailed a copy of the Objection to Claim and Notice of Hearing via US Mail and Certified Mail, however, for reasons unexplainable, Swango did not receive the objection or the notice of hearing. Prior to filing this response, Counsel for Swango requested the trustee to produce the certified mail tracking number used to mail the objection. The tracking number was cross-referenced with the US Postal Service, and as of 12/29/15, there is no record of delivery of the objection. Swango is NOT denying it was mailed. Swango is simply stating the objection was not received.

Jason Swango has been a member of the Virginia State Bar for almost a decade. He states, as affirmed at the bottom of this pleading that he has never been held in contempt for

**Timothy V. Anderson**
**Anderson & Associates, PC**
**2492 N. Landing Rd, Ste 104**
**Virginia Beach, VA 23456**
**757-301-3636 Tel**
**757-301-3640 Fax**
**VSB 43803**
**Counsel for Swango Law, PC.**
**norfolkattorney@aol.com**

failing to appear at a court appearance. Further, he states that had he known there was a hearing on the objection to the claim before this Court on December 15, 2015, that he would absolutely have been present for that hearing.

Swango now recognizes that filing a proof of claim with the Bankruptcy Court containing the social security number of the debtor subjected the debtor to possible identity theft via public access to the proof of claim. Swango is committed to correcting this issue it has caused by initiating the action plan below. Swango further recognizes that it is does not possess sufficient knowledge and understanding of the Bankruptcy Court's procedures to file pleadings, including proof of claims without remediation training. Accordingly, the following action plan is proposed to the Court:

**ACTION PLAN**

Proof of Claim 17 has been restricted to public access by this Court and disallowed. Swango will take no further steps to seek reconsideration of this decision for this case. [1] In an effort to protect the Debtors' interests, Swango proposes paying the debtor $109.00 which represents 1 year of standard credit monitoring with LifeLock, a nationwide credit monitoring

---

[1] Swango does not waive its recourse right to pursue collection against the Debtor at the conclusion of this case since the Debtor is not entitled to a Discharge in this matter.

**Timothy V. Anderson**
**Anderson & Associates, PC**
**2492 N. Landing Rd, Ste 104**
**Virginia Beach, VA 23456**
**757-301-3636 Tel**
**757-301-3640 Fax**
**VSB 43803**
**Counsel for Swango Law, PC.**
**norfolkattorney@aol.com**

company (https://store.lifelock.com/enrollment). That payment will be made immediately with the filing of the response tendered to the Debtor's Counsel.

Swango further agrees to file no pleadings with this Court, including proof of claims unless or until one of the following actions have occurred:

1. Jason Swango completes CLE training with a Virginia approved CLE provider on bankruptcy procedures and regulations and completes the Clerk of the Court's ECF training.

   -or-

2. Employ a bankruptcy attorney to review and file any proof of claims or other pleadings before this Court.

**CHAPTER 13 TRUSTEES POSITION**

Counsel for Swango has proposed this action plan to the trustee, and the trustee has indicated that he agrees this plan satisfies his concerns raised in the objection claim.

**DEBTOR'S COUNSEL POSITION**

Counsel for Swango has proposed this action plan to debtor's counsel. As of the date of this pleading, it is unknown as to the counsel of the debtor's position

**Timothy V. Anderson**
**Anderson & Associates, PC**
**2492 N. Landing Rd, Ste 104**
**Virginia Beach, VA 23456**
**757-301-3636 Tel**
**757-301-3640 Fax**
**VSB 43803**
**Counsel for Swango Law, PC.**
**norfolkattorney@aol.com**

**CONCLUSION**

Swango deeply regrets the inaction taken in this matter to restrict proof of Claim 17 and disregarding the Chapter 13 Trustees direction in this matter. Swango now recognizes the harm that could have come to the debtor as a result of its inaction. Swango recognizes its current limitations in filing documents. Based on the action plan proposed and for the reasons stated herein, Swango moves this Court to dismiss the Show Cause pending in this matter.

Respectfully Submitted,

By:/s/ Timothy V. Anderson

Timothy V. Anderson

I have reviewed this pleading and find the factual allegations to be true to the best of my knowledge and approve the Action Plan proposed in this response.

/s/ Jason Swango
Jason Swango
President Swango Law, PC

**CERTIFICATE OF MAILING**

I certify that a true copy of the foregoing was filed this 30th day of December 2015 via CM/ECF causing electronic delivery to be sent to the Chapter 13 trustee and counsel for the debtor.

/s/ Timothy V. Anderson

Timothy V. Anderson

**Timothy V. Anderson**
**Anderson & Associates, PC**
**2492 N. Landing Rd, Ste 104**
**Virginia Beach, VA 23456**
**757-301-3636 Tel**
**757-301-3640 Fax**
**VSB 43803**
**Counsel for Swango Law, PC.**
**norfolkattorney@aol.com**